Brady, J.
The cause of action asserted was for work, labor and services performed for the defendants in the manufacture of 300 glass bottles between certain dates. The defense was that the bottles were to be delivered from time to time, and in such quantities and at such times as defendants called- for them, and were to be paid for in sixty days after the delivery of each installment.
This was said to have been the agreement made by the defendants, and, in addition, that they were not to use in their trade any other bottles than those specified, and were to order them as fast as their trade demanded.
Whether that was the contract between the parties or not was really the only issue presented by the pleadings. Upon the argument of the appeal the counsel for the appellant seemed to labor under the impression that the question of the value of the chattels was at issue on the pleadings, but it is not so. If the bottles were to be delivered as stated by the defendants, the action cannot be maintained because the contract was not an entirety except as to the number of bottles. The order was given for the bottles to the plaintiff’s agent at Utica, where the defendants reside or have their place of business; and it is alleged satisfactorily that both of the defendants and a Mr. Filkins, who is the defendants’ bookkeeper, were the only persons present when the conversation took place in reference to the bottles with the plaintiffs’ agent; and that another witness who is named and had a conversation with the plain- ■ tiffs’ agent, was informed by the latter that the contract was substantially as it was asserted to have been made by the defendant. They also show that there are other witnesses who are in their employment will establish the fact that since the first installment of the bottles, delivered *391 on or about the 10th of December, 1885, they have used no other bottles of the class purchased from the plaintiffs except those received from them, and that bottles have been ordered as fast as their trade demanded. The plaintiffs’ response to this relates to matters which seem to be collateral to the issue, chiefly as to the manner in which the plaintiffs conduct their business in reference to orders received; and although this might, under circumstances which cannot very well now be conjectured, become important, that possibility is not sufficient to warrant us in saying that, after the revelations made on behalf of the defendants, the convenience of witnesses will be better consulted by refusing to make the change of venue asked.
It was said in Peck v. Parker (15 Week. Dig. 142), that where the number of material and necessary witnesses on each side is nearly equal, the place of the transaction controls. In this case it might be said with propriety that the number of material witnesses is decidedly greater on the defendant’s showing-for them, and, therefore, the place where the transaction took place should control. The issue indeed is a very simple one. It is as already suggested whether the contract was absolute for 300 dozen of bottles or conditional. This must depend upon what took place in Utica where the contract confessedly was made There is no dispute about the price. It is admitted that the plaintiffs’ allegations on that subject are correct, and for this reason the question of value cannot become necessary on the trial.
The order should be affirmed, with ten dollars costs and disbursements.
Daniels, J., concurs.